UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
(FORT LAUDERDALE DIVISION)
www.flsb.uscourts.gov

| | |
|---|---|
| In re | CASE NO. 09-34791-BKC-RBR |
| | CHAPTER 11 |
| ROTHSTEIN ROSENFELDT ADLER, P.A., | |
| Debtor.                          / | |
| HERBERT STETTIN, not individually but as Chapter 11 Trustee of the estate of the Debtor, Rothstein Rosenfeldt Adler, P.A., | ADV. NO. 10-03802-RBR-A |
| Plaintiff, | |
| v. | |
| CENTURION STRUCTURED GROWTH LLC, a Delaware limited liability company, PLATINUM PARTNERS VALUE ARBITRAGE FUND LP, a Cayman Islands limited partnership, and LEVEL 3 CAPITAL FUND LP, a Delaware limited partnership, | |
| Defendants.                      / | |

**DEFENDANTS', CENTURION STRUCTURED GROWTH LLC, PLATINUM PARTNERS VALUE ARBITRAGE FUND LP AND LEVEL 3 CAPITAL FUND LP, MOTION TO WITHDRAW THE REFERENCE AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendants, Centurion Structured Growth LLC ("Centurion"), Platinum Partners Value Arbitrage Fund LP ("Platinum"), and Level 3 Capital Fund LP ("Level 3" and together with Centurion and Platinum, the "Defendants"), by and through their undersigned counsel, and pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5011-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules"), hereby move by this

8774249

motion (the "Motion") to withdraw the reference, in its entirety, of this adversary proceeding, and in support thereof state:

## I. PROCEDURAL HISTORY AND BACKGROUND

1. On November 10, 2009, a group of petitioning creditors commenced this case (the "Chapter 11 Case") by filing an involuntary petition for reorganization under Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code"), against the debtor, Rothstein Rosenfeldt Adler, P.A. (the "Debtor"), in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court").

2. On November 25, 2009, the Debtor consented to the entry of an Order for Relief under Chapter 11 of the Bankruptcy Code.

3. On or about December 20, 2010, the Plaintiff, Herbert Stettin (the "Trustee"), not individually but as Chapter 11 Trustee of the estate of the Debtor, filed the above-captioned adversary proceeding for the avoidance of purported fraudulent and preferential transfers and related relief (the "Complaint" or "Adversary Proceeding").

4. None of the Defendants has filed a proof of claim in the Chapter 11 Case.[1]

5. Contemporaneously with the filing of this Motion, the Defendants have filed a demand for a jury trial in the Adversary Proceeding.

---

[1] Centurion, not individually but as attorney-in-fact for Banyon Funding, LLC ("Funding LLC"), filed proof of claim number 125-1 for Funding, LLC pursuant to that certain Security Agreement, dated as of April 3, 2008, between Funding, LLC and Centurion. In addition, Platinum, not individually but as attorney-in-fact for Banyon Investments LLC ("Investments LLC"), filed proof of claim number 126-1 for Investments LLC pursuant to that certain Security Agreement, dated as of June 26, 2008, between Investments LLC and Platinum. And Level 3, not individually but as attorney-in-fact for Banyon Resources, LLC ("Resources LLC"), filed proof of claim number 127-1 pursuant to that certain Security Agreement, dated as of November 3, 2008, between Resources, LLC and Level 3. The Addendum annexed to each of the foregoing proofs of claim, in Paragraph 15 thereof, specified that such claim "is asserted solely on behalf of Claimant [defined, respectively, as Funding LLC, Investments LLC and Resources LLC] and is not intended nor should it be construed as a Proof of Claim by or on behalf of any other entity."

## II. ARGUMENT

6. In accordance with the Seventh Amendment of the United States Constitution and applicable controlling case law, the Defendants are entitled to a jury trial on the Trustee's Complaint. The Defendants have demanded a jury trial on the Adversary Proceeding and they do not consent to the conduct of such jury trial by the Bankruptcy Court. Thus, given the nature of the Trustee's claims and the relief sought, and the Bankruptcy Court's inability to conduct a jury trial, there is due cause to withdraw the reference in its entirety pursuant to 28 U.S.C. § 157(d).

### a. The Defendants are Entitled to a Jury Trial and Have Not Consented to a Jury Trial in the Bankruptcy Court.

7. The Defendants' right to a jury trial is guaranteed by the Seventh Amendment to the United States Constitution, which provides in relevant part that "[in] Suits at common law, where the value in controversy shall exceed twenty dollars, the right to a trial by jury shall be preserved . . . ." *U.S. Const. Amend. VII*. A defendant is entitled to a jury trial when a plaintiff's cause of action is legal, not equitable, in nature and involves adjudication of private, not public, rights. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 n.4 (1989); *Growers Packing Co. v. Cmty. Bank of Homestead*, 134 B.R. 438, 440 (S.D. Fla. 1991).

8. The Defendants are entitled to a jury trial in respect of the causes of action asserted in the Complaint. First, the Adversary Proceeding is indisputably legal in nature because the gravamen of the Complaint is an action to recover over $400 million from the Defendants. *See Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 352 (1998) ("We have recognized the 'general rule' that monetary relief is legal."). Second, the Adversary Proceeding does not pertain to or involve "the restructuring of debtor-creditor relations" and does not seek to adjudicate proofs of claim of any of the Defendants. *See Granfinanciera*, 492

-3-

U.S. at 56. Accordingly, the Complaint asserts theories of recovery that are clearly private in nature. *See id.* (holding that fraudulent transfer claims are "matters of private rather than public right" because they are not commenced to adjudicate the particular "creditors' hierarchically ordered claims to a *pro rata* share of the bankruptcy res"). Indeed, both the United States Supreme Court and courts from this District have conclusively held that the Seventh Amendment entitles a defendant to a jury trial in a lawsuit commenced in bankruptcy to avoid and recover fraudulent or preferential transfers. *See, e.g., Granfinanciera*, 492 U.S. at 41–64; *Growers Packing Co.*, 134 B.R. at 440–41. Accordingly, the Defendants are undeniably entitled to a jury trial.

      **b.** **Cause Exists to Withdraw the Reference for the Entire Adversary Proceeding Under 28 U.S.C. § 157(d) and (e).**

9. Judicial Code 28 U.S.C. § 157(e) specifies that a bankruptcy court may not conduct a jury trial without a defendant's consent:

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specifically designated to exercise such jurisdiction by the district court and with the *express consent of all the parties*.

28 U.S.C. § 157(e) (emphasis added). The Defendants do not consent to the Bankruptcy Court conducting a jury trial in this Adversary Proceeding. As a result, the Bankruptcy Court is unable to preside over a jury trial in this Adversary Proceeding.

10. A District Court may withdraw the reference for cause shown. Judicial Code 28 U.S.C. § 157(d) specifies that a District Court "may withdraw, in whole or in part, any [referenced case] on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).

11. Where a defendant is entitled to a jury trial and does not consent to the conduct of the trial in the bankruptcy court, due cause for withdrawing the reference exists, and courts, including those in this District, have granted a defendant's motion to withdraw the reference based on a bankruptcy court's inability to preside over a jury trial. *See, e.g.*, *Antico Vacca Techs., Inc. v. Etched Media Corp. (In re Gruppo Antico, Inc.)*, No. 02-13283 (PJW), 04-53358, Civ. A. 04-1461-KAJ, 2005 WL 3654215, at *1–2 (D. Del. July 1, 2005) (withdrawing reference of entire adversary proceeding because defendants were entitled to a jury trial); *Gumport v. Growth Fin. Corp. (In re Transcon Lines)*, 121 B.R. 837, 838–45 (C.D. Cal. 1990) (same); *Fimsa, Inc. v. Marina Bay Drive Corp. (In re Marina Bay Drive Corp.)*, 123 B.R. 222 (S.D. Tex. 1990) (withdrawing the reference "because bankruptcy courts may not conduct jury trials"); *Growers Packing Co.*, 134 B.R. at 441–45 (withdrawing the reference because the bankruptcy judge lacked authority to conduct a jury trial with respect to fraudulent transfer and preference claims).

12. Accordingly, in light of the Bankruptcy Court's inability to conduct a jury trial, due cause for the withdrawal of the reference has been shown and the Defendants' Motion should be granted.

### III. CONCLUSION

13. The Defendants are entitled to a jury trial in this Adversary Proceeding and do not consent to the Bankruptcy Court conducting such trial in this Adversary Proceeding. As a result, cause exists under 28 U.S.C. § 157(d) to withdraw the reference. Accordingly, the Defendants' motion to withdraw the reference should be granted.

[*Remainder of page intentionally left blank*.]

## CERTIFICATE OF ADMISSION

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualification to practice in this court set forth in Local Rule 2090-1(A).

DATED this 27th day of December, 2010.

        Respectfully submitted,

        **BILZIN SUMBERG BAENA PRICE**
        **& AXELROD LLP**
        *Counsel to the Defendants*
        1450 Brickell Ave., Suite 2300
        Miami, Florida 33131
        Telephone: 305-374-7593
        Facsimile: 305-351-2253

By:    /s/ Scott L. Baena
        Scott L. Baena, Esq.
        Florida Bar No. 186445
        Jay M. Sakalo, Esq.
        Florida Bar No. 156310
        Matthew I. Kramer
        Florida Bar No. 0937231

        -and-

        **CURTIS, MALLET-PREVOST,**
        **COLT & MOSLE LLP**
        *Co-Counsel to the Defendants*
        101 Park Avenue
        New York, New York 10178-0061
        Telephone: 212-696-6000
        Facsimile: 212-697-1559
        Eliot Lauer, Esq. (*pro hac vice*)
        Steven J. Reisman, Esq. (*pro hac vice*)

8774249

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 27, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. Copies of the foregoing will be served by electronic notification and U.S. Mail to John H. Genovese, Esq., Genovese, Joblove & Battista, P.A., 100 SE 2nd Street, 44th Fl., Miami, FL 33131.

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
*Counsel to the Defendants*
1450 Brickell Ave., Suite 2300
Miami, Florida 33131
Telephone: 305-374-7593
Facsimile: 305-351-2253

By:    /s/ Scott L. Baena
      Scott L. Baena, Esq.
      Florida Bar No. 186445
      Jay M. Sakalo, Esq.
      Florida Bar No. 156310
      Matthew I. Kramer
      Florida Bar No. 0937231

8774249